UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| L. DWAYNE HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| CITY OF FOREST PARK, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Dwayne Hobbs ("Plaintiff" or "Mr. Hobbs") files the following

Complaint against Defendant City of Forest Park, GA ("Forest Park") for race

discrimination as well as violation of his federal constitutional rights.

## Introduction

1.

Defendant terminated Mr. Hobbs (Caucasian) due to his race and, in doing

so, deprived him of his rights under color of state law, regulations, custom or usage

in violation of 42 U.S.C. § 1983, the Equal Protection Clause of the United States

Constitution, 42 U.S.C. § 1981, and violated his rights under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

1

2.

Plaintiff is seeking injunctive relief, back pay and lost benefits,

compensatory damages, and attorneys' fees and costs against Defendant.

### Jurisdiction and Venue

3.

Plaintiff's claims present federal questions over which the Court has

jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question), and

28 U.S.C. § 1343 (civil rights).

4.

Venue is proper in this district and division under 28 U.S.C. § 1391 because

Defendant City of Forest Park conducts business in this district and division and

the unlawful actions and practices alleged herein were committed within the

Northern District of Georgia.

5.

Defendant City of Forest Park's actions at issue in this matter were taken

under color of state and local law.

6.

Defendant's discriminatory and retaliatory conduct described herein was

accomplished pursuant to unofficial policy and custom of City of Forest Park or

was committed or authorized by officials whose acts can be fairly deemed to be the

actions and official policy and customs of City of Forest Park.

## The Parties

7.

Mr. Hobbs is a citizen of the United States and a resident of the State of

Georgia.  He is a former employee of the City of Forest Park.

8.

Forest Park has more than fifteen (15) employees and is an employer with

the meaning of Title VII.

9.

Forest Park is a municipal corporation doing business in the State of Georgia

and is, therefore, subject to personal jurisdiction in Georgia.

10.

Defendant Forest Park may be served with process by serving Mayor

Angelyne Butler at the office of the Mayor, 745 Forest Parkway, Forest Park, GA

30297.

## Administrative Proceedings

11.

Plaintiff filed a Charge of Discrimination with the Equal Employment

3

Opportunity Commission on March 13, 2019 – within 180 days of the occurrence

of the discrimination and Defendant's termination of his employment.

12.

Plaintiff received his Notice Right to Sue and instituted this civil action in

the appropriate federal district court within 90 days of the receipt of the Notice of

Right to Sue.

**Statement of Facts**

14.

Mr. Hobbs, began his employment with Defendant Forest Park July 28, 1973 as a

police officer.15.

Mr. Hobbs was promoted throughout his career and became Chief of Police

on April 1, 1996 and served twice as Interim City Manager most recently from

March 2017 through January 2018.

16.

Mr. Hobbs holds an Associates of Arts degree, a Bachelor of Arts degree in

Criminal Justice, and a Master's Degree from Columbus State University, and

completed over 10,000 hours of specialized law enforcement and management

training including the prestigious FBI National Academy.

17.

Mr. Hobbs also served as an adjunct professor at Clayton State University

teaching classes in Death Investigation, Police Administration, Criminal

Investigation, and Community Policing.

18.

In his role as Chief of Police, Mr. Hobbs oversaw the training, management,

and development of the sworn and civilian employees of the City of Forest Park

Police Department who were responsible for the safety and protection of nearly

20,000 residents of the City of Forest Park

19.

During the summer and October 2018, Forest Park had been planning for the

retirement of then Police Chief Dwayne Hobbs to be effective November 1, 2018.

20.

As part of this retirement, in appreciation for his long-standing service to the

City of Forest Park, the City Council stated their intent to perform the following

acts: name the firearms training facility after Chief Hobbs, provide a generous

retirement package to Chief Hobbs including 24 months to be paid over a 24-

month period, provide lump-sum compensation for 20% of his accrued sick

leave and 100% of his accrued vacation leave based on his last year's salary, he

would retain his issued service weapon, laptop computer and/or tablet, and cell

phone, he would be allowed to represent the City of Forest Park as Police Chief at

the conference occurring in October 2018 at the expense of the City of Forest Park,

be provided health and life insurance benefits during the 24-month severance

period, presentation of a positive letter of reference, and a retirement celebration

and ceremony.  These were negotiated with the city attorney Mike Williams who

represented that he was acting with the expressed authority of the City Council.

21.

In furtherance of this retirement plan, the City Council directed City

Attorney Michael Williams to draft the terms of said plan.

22.

City Attorney Michael Williams drafted said plan, engaged in discussions

about the details of said plan, and worked directly with then Chief Hobbs to

finalize said plan.

23.

On October 1, 2018, the night upon which the retirement plan, which had

been approved prior by the City Attorney Michael Williams and City Manager

Angela Redding, was to be approved by the City Council in executive session, the

Forest Park City Council unlawfully terminated Hobbs.

24.

The City Council members that terminated Mr. Hobbs did so only after declaring that they wanted to install an African American Chief of Police and "move in a different direction."

25.

After unlawfully terminating Mr. Hobbs, the City Council of Forest Park installed an African American interim Chief of Police.

26.

Following the termination of Mr. Hobbs, Forest Park continued a pattern of discrimination by terminating Caucasian employees and department heads without cause or reason.

27.

The City Council also removed the names of Caucasian employees from buildings that had been named after them.

## COUNT I
## Race Discrimination in Violation of
## Title VII of The Civil Rights Act of 1964, as Amended

28.

Plaintiff incorporates by reference the preceding Paragraphs as if fully

restated herein.

29.

Mr. Hobbs is Caucasian.

30.

Mr. Hobbs is qualified for the position from which he was terminated.

31.

Defendant discriminated against Mr. Hobbs in the terms and conditions of his employment when it terminated his employment and replaced him with a younger, African American candidate in violation of Title VII.

32.

Defendant discriminated against Mr. Hobbs in the terms and conditions of his employment when Mr. Hobbs was terminated but similarly situated African American employees were not.

33.

Mr. Hobbs is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT II
### Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the United States Constitution by City of Forest Park, Race Discrimination in Violation of 42 U.S.C. § 1981 Through 42 U.S.C. § 1983

34.

Plaintiff incorporates by reference the preceding Paragraphs as if fully

restated herein.35.

Mr. Hobbs is Caucasian and was terminated by Defendants because of his

race.

36.

Defendant discriminated against Mr. Hobbs in the terms and conditions of

his employment when he was terminated while allowing similarly situated African

American employees to remain at work and promoted into his position in violation

of 42 U.S.C. § 1981 and 1983.

37.

Defendant City of Forest Park discriminated against Mr. Hobbs on the basis

of his race by terminating him as part of a larger scheme, policy and practice of

discrimination on the basis of race.

38.

It did so in violation of clearly established constitutional and statutory

authority that such actions are a violation of the law.

39.

City of Forest Park took these actions as part of an unofficial government policy or custom which discriminates against Caucasian employees.

40.

City of Forest Park took these actions with knowledge that they were in clear violation of constitutional and federal statutory law.

41.

The conduct of City of Forest Park in terminating Mr. Hobbs on the basis of his race while not terminating Black coworkers for the same or similar conduct violates Mr. Hobb's right to the equal protection of the laws as granted by the Fourteenth Amendment to the United States Constitution.

42.

City of Forest Park proximately caused this violation of Mr. Hobbs' rights and so acted under color of the state law and local ordinances, regulations, customs, and usages of City of Forest Park in violation of 42 U.S.C. § 1983.

43.

Pursuant to 42 U.S.C. § 1981 as effectuated by 42 U.S.C. § 1983, Mr. Hobbs

is entitled to declaratory relief, injunctive relief, compensatory damages and

attorney's fees, and all other appropriate damages, remedies, and other relief

against Defendant because Defendant discriminated against Mr. Hobbs on the basis

of race as part of a larger scheme, policy and practice and in violation of clearly

established law.

44.

This violation of rights was proximately caused by Defendants, who were

acting under color of state law, and local ordinances, regulations, customs or

usages of the City of Forest Park in violation of 42 U.S.C. § 1983.

45.

Defendant also terminated eight other Caucasian employees since Mr.

Hobbs left Forest Park.

46.

As a direct and proximate result of the Defendants' actions, Mr. Hobbs has

suffered damages including emotional distress, inconvenience, loss of income and

benefits, humiliation, and other indignities.

47.

Mr. Hobbs was damaged by Defendants' actions in an amount to be proven

at trial.

11

## COUNT III
## Deprivation of Reputational Liberty

48.

Plaintiff hereby reincorporates and realleges all claims in this Complaint as if fully set forth herein.

49.

At the time of and commensurate with his termination, members of the City Council made false comments, about Plaintiff to wit:

a. Plaintiff encouraged unlawful practices of racial profiling by sworn law enforcement officers of the City of Forest Park Police Department;

b. Plaintiff refused to intervene regarding bona fide complaints of unlawful racial profiling by sworn law enforcement officers of the City of Forest Park Police Department;

c. Plaintiff initiated, participated in, encouraged, facilitated, and ratified unlawful surveillance operations by sworn law enforcement officers of the City of Forest Park Police Department which targeted city council members and citizens based solely upon their race;

12

d. Plaintiff leaked confidential information regarding investigations of unlawful racial profiling by sworn law enforcement officers of the City of Forest Park Police Department to media sources; and

e. Plaintiff leaked confidential information regarding negotiations into his retirement to media sources.

50.

The allegations levied against Plaintiff, as outlined herein, were and remain falsehoods.

51.

The allegations levied against Plaintiff, as outlined herein, were repeated publicly, disseminated to multiple media sources, and were the subject of false complaints to the Georgia Bureau of Investigation.

52.

Said statements were harmful to the reputational liberty of Plaintiff individually and in his role as a law enforcement officer.

53.

Said statements made public, specifically in statements to the media were not necessary or reasonably related to the employment functions of the City Council.

54.

Said statements resulted in actual damage to the reputation of Plaintiff.

55.

Plaintiff was denied a meaningful opportunity to clear his name through a pre-adverse action hearing.

56.

Plaintiff was denied procedural due process through the actions of the City Council in its role as a governmental employer through the actions set out herein.

57.

Mr. Hobbs is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available for this deprivation of reputational liberty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

a.     a declaratory judgment that Defendants violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*., 42 U.S.C.

14

§ 1981 through 42 U.S.C. § 1983; and the Equal Protection Clause to the Fourteenth Amendment to the Constitution;

b.   a permanent injunction, prohibiting Defendants from engaging in unlawful employment practices in violation of Title VII, or the due process rights of employees;

c.   full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d.   reinstatement to Plaintiff's former position with Defendant at the same pay grade, or in the alternative, front pay to compensate Plaintiff for lost future wages, benefits and pension;

e.   compensatory damages in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

f.   attorneys' fees and costs pursuant to 42 U.S.C. §1988 and as otherwise permitted by law; and

g.   all other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of September, 2020.

By:   Lance J. LoRusso
      Georgia Bar No. 458023
      lance@lorussolawfirm.com

LoRusso Law Firm, P.C.
1827 Powers Ferry Road SE
Building 8 Suite 200
Atlanta, GA 30339
770-644-2378

By:   Cheryl B. Legare
      Georgia Bar No. 038553
      cblegare@law-llc.com

Legare Attwood & Wolfe LLC
Two Decatur Town Center
125 Clairemont Avenue Suite 380
Decatur, GA 30030
470-823-4000

Attorneys for Plaintiff