## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| L. DWAYNE HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:20-cv-04009-AT-RDC |
| | ) | |
| CITY OF FOREST PARK, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant City of Forest Park, Georgia (the "City") and, pursuant to Rules 8(c) and 12(a) of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative Defenses, responding as follows to the allegations of Plaintiff's Complaint.

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim against the City upon which relief may be granted.

## SECOND DEFENSE

At all times, the City's actions with regard to Plaintiff and his employment have been in conformance with all applicable constitutional standards, laws, rules, and regulations.

## THIRD DEFENSE

Any action taken by the City adversely affecting Plaintiff or his employment was for legitimate, non-discriminatory reasons and, as such, did not violate any constitutional or statutory rights possessed by Plaintiff.  Additionally, and/or alternatively, even if Plaintiff could demonstrate that discrimination played a motivating part in any such adverse action – which he cannot – the same action would have been taken for legitimate, non-discriminatory reasons.

## FOURTH DEFENSE

The City has not intentionally or willfully violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff. At no time has the City acted with any intent to injure or otherwise cause harm to Plaintiff.  The City has, at all times, acted in accord and in good faith compliance with applicable law.

## FIFTH DEFENSE

Plaintiff cannot demonstrate the existence of an unlawful policy, custom, or practice necessary to support his claim(s) brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against the City. Moreover, the City is not a proper "person" subject to suit under Section 1983.

## SIXTH DEFENSE

Plaintiff's claims may be barred in whole or in part by accord and satisfaction, failure of consideration, fraud, illegality, consent, waiver, release, laches, justification, unclean hands, after-acquired evidence, estoppel, and/or additional defenses that may be identified during the proceedings.

## SEVENTH DEFENSE

To the extent any employee, manager, supervisor, or official of the City engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and were not in furtherance of the City's business.

## EIGHTH DEFENSE

Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981") are barred to the extent they are duplicative and redundant of his claims under Title VII and the Fourteenth Amendment to the U.S. Constitution.

## NINTH DEFENSE

Plaintiff is not entitled to any of the equitable, declaratory, or legal relief requested against the City.  Additionally, and/or alternatively, to the extent he is entitled to damages or other relief, the same is limited by applicable law.

**TENTH DEFENSE**

Any damages that Plaintiff suffered resulted from the acts or omissions of others for whom the City is not liable and/or were the direct and proximate result of his own actions or inactions.

**ELEVENTH DEFENSE**

Plaintiff's claims against the City under Section 1981, Section 1983, and the Fourteenth Amendment to the U.S. Constitution are barred on the grounds that Plaintiff cannot show that any damages he allegedly suffered were caused by actions taken under color of state law.

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies or otherwise satisfy all conditions precedent or statutory prerequisites to bringing and maintaining his claims against the City.  In particular, Plaintiff's claims are barred to the extent any action upon which they are based occurred more than 180 days prior to the filing of his administrative charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or were not the subject of or were otherwise outside the scope of said charges.

## THIRTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, such relief is not available against the City as a matter of law.

## FOURTEENTH DEFENSE

Plaintiff's Complaint may be subject to dismissal due to failure of process, improper service of process, and/or insufficiency of service of process.

## FIFTEENTH DEFENSE

Plaintiff's claims and remedies are or may be barred, in whole or in part, by the applicable statute of limitations.

## SIXTEENTH DEFENSE

Plaintiff's claim for damages, the entitlement to which is expressly denied, is barred to the extent that he has failed to mitigate his damages as required by law.

## SEVENTEENTH DEFENSE

Any statements made by the City regarding Plaintiff were true, substantially true, and/or statements of opinion.

## EIGHTEENTH DEFENSE

Any statements made by the City regarding Plaintiff were made in good faith and in the performance of a public duty, in the performance of a legal and/or moral

private duty, and/or in an effort to protect legitimate interests in a matter in which they are concerned, or are otherwise privileged as a matter of law.

## NINETEENTH DEFENSE

Plaintiff's claims against the City fail to the extent they are based on alleged communications that, if made, were made by the City in good faith on matters in which it had an interest or duty, and made to those who had a corresponding interest or duty.

## TWENTIETH DEFENSE

To the extent Plaintiff brings his claim for deprivation of reputational liberty pursuant to the Due Process Clause of the Fourteenth Amendment, his due process claim is subject to dismissal because there exists no direct cause of action under the Due Process Clause of the Fourteenth Amendment.

## TWENTY-FIRST DEFENSE

No oral or written communications regarding or otherwise affecting Plaintiff or his employment made by or attributed to the City were made intentionally to interfere with Plaintiff's employment or employment opportunities, nor were they made maliciously or in bad faith.

### TWENTY-SECOND DEFENSE

Plaintiff cannot show that any statements made by the City were sufficiently stigmatizing to result in a deprivation of due process and/or reputational liberty.

### TWENTY-THIRD DEFENSE

To the extent that Plaintiff can show that he suffered reputational harm as a result of the City's actions, his due process claim still fails because he cannot show that he suffered any tangible loss as a result.

### TWENTY-FOURTH DEFENSE

Plaintiff's due process claims are barred by his failure to utilize available and adequate procedural remedies.

### TWENTY-FIFTH DEFENSE

The City hereby reserves the right to seek leave to amend this Answer or add additional defenses, or to withdraw defenses, after reasonable opportunity for appropriate discovery.

### RESPONSE TO NUMBERED ALLEGATIONS

The City responds to the numbered allegations of the Complaint as follows:

## Introduction

### 1.

Answering the allegations contained in Paragraph 1 of the Complaint, the City admits that Plaintiff purports to bring his claims pursuant to Title VII, the Equal Protection Clause of the U.S. Constitution, Section 1981, and Section 1983. Answering further, the City specifically denies that Plaintiff's claims have any merit. Except as specifically stated herein, the City denies the allegations contained in Paragraph 1 of the Complaint.

### 2.

Paragraph 2 of Plaintiff's Complaint is a statement of the relief sought by Plaintiff and, as such, requires no response from the City.  To the extent that a response is required, the City denies that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief whatsoever from the City.

## Jurisdiction and Venue

### 3.

Answering the allegations contained in Paragraph 3 of the Complaint, the City admits that this Court has subject matter jurisdiction over Plaintiff's claims. Answering further, the City specifically denies that Plaintiff's claims have any merit.

Except as specifically stated herein, the City denies the allegations contained in Paragraph 3 of the Complaint.

4.

Answering the allegations contained in Paragraph 4 of the Complaint, the City admits that venue is proper in this Court. Answering further, the City specifically denies that Plaintiff's claims have any merit. Except as specifically stated herein, the City denies the allegations contained in Paragraph 4 of the Complaint.

5.

The City denies the allegations contained in Paragraph 5 of the Complaint.

6.

The City denies the allegations contained in Paragraph 6 of the Complaint.

**The Parties**

7.

Answering the allegations contained in Paragraph 7 of the Complaint, the City admits, upon information and belief, that Plaintiff is a U.S. citizen, a resident of the state of Georgia, and a former employee of the City.

8.

Answering the allegations contained in Paragraph 8 of the Complaint, the City

has more than fifteen employees and is otherwise an "employer" within the meaning of Title VII.

9.

The City admits the allegations contained in Paragraph 9 of the Complaint.

10.

The City admits the allegations contained in Paragraph 10 of the Complaint.

## Administrative Proceedings

11.

Answering the allegations in Paragraph 11 of the Complaint, the City admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 13, 2019, Charge No. 410-2019-01719.   Except as specifically admitted herein, the City denies the allegations contained in Paragraph 11 of the Complaint.

12.

Answering the allegations contained in Paragraph 12 of the Complaint, the City admits that the EEOC issued its Notice of Right to Sue upon Plaintiff's request on September 17, 2020 as to EEOC Charge No. 410-2019-01719.   Except as

specifically admitted herein, the City denies the allegations contained in Paragraph 12 of the Complaint.

## Statement of Facts

### 14.[1]

The City denies the allegations contained in Paragraph 14 of the Complaint.

### 15.

Answering the allegations contained in Paragraph 15 of the Complaint, the City admits that Plaintiff was promoted during his career with the City and became Chief of Police on March 27, 1996.  The City further admits that Plaintiff twice served as an interim or acting City Manager, most recently from March 2017 through January 2018.  Except as specifically admitted herein, the City denies the allegations contained in Paragraph 15 of the Complaint.

### 16.

Answering the allegations contained in Paragraph 16 of the Complaint, the City is without knowledge or information sufficient to form a belief as to the accuracy of allegations contained in Paragraph 16 of the Complaint and therefore denies the same.

---

[1]  Plaintiff's Complaint omits Paragraph 13. In order to maintain consistent numbering, this Answer will likewise skip Paragraph 13.

17.

Answering the allegations contained in Paragraph 17 of the Complaint, the City admits, upon information and belief, that Plaintiff served in a teaching capacity at Clayton State University.  Except as specifically admitted herein, the City is without knowledge or information sufficient to form a belief as to the accuracy of the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies the same.

18.

The City admits the allegations contained in Paragraph 18 of the Complaint.

19.

The City denies the allegations contained in Paragraph 19 of the Complaint as written.

20.

The City denies the allegations contained in Paragraph 20 of the Complaint as written.

21.

The City denies the allegations contained in Paragraph 21 of the Complaint as written.

22.

The City denies the allegations contained in Paragraph 22 of the Complaint as written.

23.

Answering the allegations contained in Paragraph 23 of the Complaint, the City admits that the majority of the City Council voted to terminate Plaintiff's employment on October 1, 2018.  Except as specifically admitted herein, the City denies the allegations contained in Paragraph 23 of the Complaint.

24.

The City denies the allegations contained in Paragraph 24 of the Complaint.

25.

Answering the allegations contained in Paragraph 25 of the Complaint, the City admits that an African-American individual was temporarily appointed to interim Chief of Police by the City Council after the separation of Plaintiff. Answering further, the City Council subsequently voted to replace this African-American individual with a Caucasian individual to serve as interim Chief. Except as specifically admitted herein, the City denies the allegations contained in Paragraph 25 of the Complaint.

26.

The City denies the allegations contained in Paragraph 26 of the Complaint.

27.

Answering the allegations contained in Paragraph 27 of the Complaint, the City admits that in approximately 2018, the City Council voted to rename two City buildings that had previously been named after Caucasian City employees.  By way of further clarification, one of the building names was changed to honor a local citizen's involvement and commitment to the Forest Park community.  The other was only temporarily changed because the employee was still employed by the City, and upon said employee's retirement, the building in question was renamed in her honor.  The City affirmatively denies any implication or inference that race was a motivating factor in the City Council's decisions.  Except as specifically stated herein, the City denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT 1
## Race Discrimination in Violation of
## Title VII of the Civil Rights Act of 1964, as Amended

28.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 27 of the Complaint and the Defenses stated above.

-14-

29.

Answering the allegations contained in Paragraph 29 of the Complaint, the City admits, upon information and belief, that Plaintiff is Caucasian.

30.

Paragraph 30 of Plaintiff's Complaint is a legal conclusion regarding Plaintiff's job qualifications and, as such, requires no response from the City.  To the extent that a response is required, the City denies that Plaintiff's rights have been violated in any way or that Plaintiff is entitled to any relief whatsoever from the City.

31.

The City denies the allegations contained in Paragraph 31 of the Complaint.

32.

The City denies the allegations contained in Paragraph 32 of the Complaint.

33.

The City denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT II
## Denial of Equal Protection of the Laws in Violation of the Fourteenth Amendment to the United States Constitution by City of Forest Park, Race Discrimination in Violation of 42 U.S.C. § 1981 Through 42 U.S.C. §1983

34.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 33 of the Complaint and the Defenses stated above.

35.

Answering the allegations contained in Paragraph 35 of the Complaint, the City admits, upon information and belief, that Plaintiff is Caucasian.  Except as specifically admitted herein, the City denies the allegations contained in Paragraph 35 of the Complaint.

36.

The City denies the allegations contained in Paragraph 36 of the Complaint.

37.

The City denies the allegations contained in Paragraph 37 of the Complaint.

38.

The City denies the allegations contained in Paragraph 38 of the Complaint.

39.

The City denies the allegations contained in Paragraph 39 of the Complaint.

40.

The City denies the allegations contained in Paragraph 40 of the Complaint.

41.

The City denies the allegations contained in Paragraph 41 of the Complaint.

42.

The City denies the allegations contained in Paragraph 42 of the Complaint.

43.

The City denies the allegations contained in Paragraph 43 of the Complaint.

44.

The City denies the allegations contained in Paragraph 44 of the Complaint.

45.

The City denies the allegations contained in Paragraph 45 of the Complaint.

46.

The City denies the allegations contained in Paragraph 46 of the Complaint.

47.

The City denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT III
## Deprivation of Reputational Liberty

48.

The City incorporates by reference its responses to the allegations in Paragraphs 1 through 47 of the Complaint and the Defenses stated above.

49.

The City denies the allegations contained in Paragraph 49 of the Complaint.

50.

The City denies the allegations contained in Paragraph 50 of the Complaint.

51.

The City denies the allegations contained in Paragraph 51 of the Complaint.

52.

The City denies the allegations contained in Paragraph 52 of the Complaint.

53.

The City denies the allegations contained in Paragraph 53 of the Complaint.

54.

The City denies the allegations contained in Paragraph 54 of the Complaint.

55.

The City denies the allegations contained in Paragraph 55 of the Complaint.

56.

The City denies the allegations contained in Paragraph 56 of the Complaint.

57.

The City denies the allegations contained in Paragraph 57 of the Complaint.

Answering the *WHEREFORE* paragraph in the Prayer for Relief section appearing immediately following Paragraph 57 of Plaintiff's Complaint, the City denies the allegations contained therein, including subparagraphs (a) through (g) thereof. The City further denies that Plaintiff is entitled to any of the relief requested or any relief whatsoever.

Except as specifically admitted hereinabove in response to the numbered and unnumbered paragraphs of the Complaint, the City denies any and all other claims or allegations which are raised or may have been raised by or in the Complaint.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, the City respectfully requests that the Court enter an order dismissing the Complaint in its entirety, with prejudice; award the City its costs and expenses incurred in the defense of this action, including reasonable attorneys' fees; and award the City any other such relief as this Court deems just and proper.

Respectfully submitted, this 10th day of November 2020.

/s/ Sharon P. Morgan
Sharon P. Morgan
Georgia Bar No. 522955
Laura A. Denton
Georgia Bar No. 158667
K. Tate Gray
Georgia Bar No. 919123

ELARBEE, THOMPSON, SAPP
  & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com
denton@elarbeethompson.com
gray@elarbeethompson.com

*Attorneys for the City of Forest Park*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| L. DWAYNE HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:20-cv-04009-AT-RDC |
| | ) | |
| CITY OF FOREST PARK, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2020, I filed a true and correct copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** via the Court's electronic filing system, which will automatically send notification of such filing to the following counsel of record

Lance J. LoRusso
LORUSSO LAW FIRM, P.C.
lance@lorussolawfirm.com

Cheryl B. Legare
LEGARE ATTWOOD & WOLFE LLC
cblegare@law-llc.com

*/s/ Sharon P. Morgan*
Sharon P. Morgan
Georgia Bar No. 522955

ELARBEE, THOMPSON, SAPP
  & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia   30303
(404) 659-6700
(404) 222-9718 (Facsimile)
morgan@elarbeethompson.com

*Attorney for the City of Forest Park*