**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| L. DWAYNE HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:20-cv-04009-AT-RDC |
| | ) | |
| CITY OF FOREST PARK, GA, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

The parties, through their undersigned counsel of record and pursuant to Local Rule 16.2, file this Joint Preliminary Report and Discovery Plan.

1. **Description Of Case**:

   (a)   **Describe briefly the nature of this action.**

   Plaintiff has filed this employment action against his former employer, the City of Forest Park ("City"), alleging that he has been discriminated against because of his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution pursuant to 42 U.S.C. § 1983 ("Section 1983"), and 42 U.S.C. § 1981 ("Section 1981") pursuant to Section 1983. Plaintiff further alleges that he has been denied procedural due process through the deprivation of his reputational liberty. Plaintiff

seeks reinstatement, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

The City denies that it has engaged in any unlawful conduct or otherwise violated Plaintiff's rights under applicable law, and further denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

Plaintiff was employed by the City as the Chief of Police until his termination on or about October 1, 2019 upon a majority vote of the City Council. Plaintiff alleges that he was unlawfully terminated by the City Council due to his race (Caucasian).  Plaintiff further alleges that, contemporaneously with his termination, members of the City Council made false statements about Plaintiff that were harmful to his reputational liberty and resulted in a denial of procedural due process.

The City denies all of Plaintiff's claims and contends that all actions taken with regard to Plaintiff's employment were based upon legitimate, non-discriminatory reasons, and as such, did not violate any legal right possessed by Plaintiff or otherwise violate federal law.

**(c)     The legal issues to be tried are as follows:**

1.  Whether Plaintiff can establish a cause of action for race discrimination in violation of Title VII against the City and, if so, to what relief is Plaintiff entitled?

2.  Whether Plaintiff can establish a cause of action for race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution pursuant to Section 1983 against the City and, if so, to what relief is Plaintiff entitled?

3.  Whether Plaintiff can establish a cause of action for race discrimination in violation of Section 1981 pursuant to Section 1983 against the City and, if so, to what relief is Plaintiff entitled?

4.  Whether Plaintiff can establish a cause of action for deprivation of reputational liberty against the City and, if so, to what relief is Plaintiff entitled?

5.  Whether Plaintiff is entitled to damages and/or relief requested and, if so, the amount thereof?

6.  Whether Defendant can establish any of the affirmative defenses asserted by the City in its answer to Plaintiff's complaint.

    **(d)**    **The cases listed below (include both style and action number) are:**

        **(1)**    **Pending Related Cases:** None.

        **(2)**    **Previously Adjudicated Related Cases:** None

**2.**    <u>**This case is complex because it possesses one (1) or more of the features listed below (please check):**</u>

| | | |
|---|---|---|
| _____ | **(1)** | **Unusually large number of parties** |
| _____ | **(2)** | **Unusually large number of claims or defenses** |
| _____ | **(3)** | **Factual issues are exceptionally complex** |
| _X__ | **(4)** | **Greater than normal volume of evidence** |
| _X__ | **(5)** | **Extended discovery period is needed** |
| _____ | **(6)** | **Problems locating or preserving evidence** |
| _____ | **(7)** | **Pending parallel investigations or action by government** |
| _____ | **(8)** | **Multiple use of experts** |
| _____ | **(9)** | **Need for discovery outside United States boundaries** |
| _____ | **(10)** | **Existence of highly technical issues and proof** |
| _X__ | **(11)** | **Unusually complex discovery of electronically stored information** |

**3.**    <u>**Counsel:**</u>

    **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

        **Plaintiff:**    Lance J. LoRusso
                         Georgia Bar No. 458023

        **Defendant:**    Sharon P. Morgan
                         Georgia Bar No. 522955

4.    **Jurisdiction**:

**Is there any question regarding this Court's jurisdiction?**

**___ Yes      _X_ No**

There is no question regarding this Court's jurisdiction over the subject matter

of this action at this time.

5.    **Parties To This Action:**

(a)    **The following persons are necessary parties who have not been joined:**  None.

(b)    **The following persons are improperly joined as parties:** None.

(c)    **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  None.

**The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.    **Amendments To The Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15.   Further instructions regarding amendments are contained in LR 15.**

(a)    **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None at this time.

**(b)**     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.**     <u>Filing Times For Motions</u>:

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

**(a)**     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

**(b)**     *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

**(c)**     *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)**     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.**     <u>Initial Disclosures</u>:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties will exchange Initial Disclosures if discovery proceeds after the stay of discovery as provided in Section 12 below.

**9.** **Request For Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference with the Court at this time.

**10.** **Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

If discovery proceeds in the case, then the parties intend to take discovery on the factual allegations underlying Plaintiff's claims, including the relief requested, as well as the factual allegations underlying the City's defenses to Plaintiff's claims, and on any other matter which is likely to lead to the discovery of admissible evidence.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

If discovery proceeds, the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed due to COVID-19 and a greater volume of e-discovery. As such, the parties anticipate needing six months of discovery.

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties do not presently contend that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules. The parties anticipate that one or more of them may seek confidentiality protection with regard to discovery materials and shall endeavor to agree to a consent protective order with regard to the same.

**(b)    Is any party seeking discovery of electronically stored information?**

_____X_____ Yes            _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*See* Entry under (2).

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties do not anticipate, at this time, that discovery will involve a substantial amount of electronically stored information ("ESI"). The parties presently believe that all relevant ESI is in the possession of the parties and can be searched and produced by the parties. The parties have discussed the general scope of likely requests for ESI and believe it can be handled within the usual discovery procedures.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.     <u>Other Orders</u>:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?**

Contemporaneously with the filing of the Joint Preliminary Report and Discovery Plan, the parties intend to file a Joint Motion to Stay Discovery through the month of February 2021 pending mediation.

**13.**   **Settlement Potential:**

(a)   **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 17, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

| | | |
|---|---|---|
| **For Plaintiff:** | **Lead counsel (signature):** | *s/ Lance J. LoRusso* |
| | **Other participants:** | Cheryl B. Legare |
| | | |
| **For Defendant:** | **Lead counsel (signature):** | *s/ Sharon P. Morgan* |
| | **Other participants:** | Laura A. Denton |
| | | K. Tate Gray |

(b)   **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_**X**__)   **A possibility of settlement before discovery.**
(_**X**_)   **A possibility of settlement after discovery.**
(____)   **A possibility of settlement, but a conference with the judge is needed.**
(____)   **No possibility of settlement.**

The parties have agreed to participate in mediation in early 2021.

(c)   **Counsel (__) do or (_X_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference** is to be determined by the parties**.**

(d)   **The following specific problems have created a hindrance to settlement of this case.**

None.

**14.** <u>**Trial By Magistrate Judge**</u>**:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)     The parties (____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day of _____, 2020.**

**(b)     The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.**

Respectfully submitted, this 10th day of December 2020.

**LORUSSO LAW FIRM, P.C.**

*s/ Lance J. LoRusso*
Lance J. LoRusso
Ga. Bar No. 458023
lance@lorussolawfirm.com
1827 Powers Ferry Road, SE
Building 8, Suite 200
125 Clairemont Avenue
Atlanta, HA 30339
Telephone: (770 644-2378


**LEGARE, ATTWOOD & WOLFE, LLC**

*s/ Cheryl B. Legare*
Ga. Bar No. 038553
cblegare@law-llc.com
Suite 380

**ELARBEE, THOMPSON, SAPP & WILSON, LLP**

*s/ Sharon P. Morgan*
Sharon P. Morgan
Ga. Bar No. 522955
morgan@elarbeethompson.com
Laura A. Denton
Ga. Bar No. 158667
denton@elarbeethompson.com
K. Tate Gray
Ga. Bar No. 919123
gray@elarbeethompson.com
229 Peachtree Street, N.E.
800 International Tower
Atlanta, GA 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718

**COUNSEL FOR DEFENDANT**

125 Clairemont Avenue
Decatur, Georgia 30030
Telephone: (470) 823-4000
Facsimile: (470) 201-1212

**COUNSEL FOR PLAINTIFF**

\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____

IT IS SO ORDERED, this ____ day of _____, 2020.


_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| L. DWAYNE HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:20-cv-04009-AT-RDC |
| | ) | |
| CITY OF FOREST PARK, GA, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2020, I electronically filed the **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record:

Lance J. LoRusso
Cheryl B. Legare

*s/ K. Tate Gray*
K. Tate Gray
Georgia Bar No. 919123

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
(404) 659-6700
(404) 222-9718 (Facsimile)
gray@elarbeethompson.com

*Attorney for Defendant*